```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

UNITED STATES OF AMERICA,          :

        Plaintiff,          :

v.                                 :          3:06-CR-272 (AHN)

MIGUEL NEGRON,                     :

        Defendant.          :


RULING ON MOTION FOR *IN CAMERA* REVIEW OF GRAND JURY TRANSCRIPTS

Defendant Miguel Negron ("Negron") is named in a five-count indictment charging him with one count of conspiracy to possess with intent to distribute and to distribute 1,000 grams or more of a mixture or substance containing a detectable amount of heroin, in violation of Title 21, United States Code Sections 841(a)(1), 841(b)(1)(A), and 846. Negron now moves this court for an in camera review of the Grand Jury transcripts [doc. # 335]. Negron argues that the government failed to produce any evidence to the grand jury that pertained to him.[1] Negron's motion is without merit.

The court has found no case to support Negron's argument that a review of Grand Jury transcripts are within this court's purview. As such, the court construes the motion as one seeking to dismiss the indictment for insufficient evidence. On this issue, the Supreme Court has stated that "'[i]t would run counter

---

[1] The court must assume that this motion precedes a motion to dismiss the indictment, or that Negron expects the court to dismiss the indictment sua sponte.

to the whole history of the grand jury institution' to permit an indictment to be challenged 'on the ground that there was inadequate or incompetent evidence before the grand jury.'" United States v. Williams, 504 U.S. 36, 54 (1992) (quoting Costello v. United States, 350 U.S. 359, 363-364 (1956)). The Second Circuit has followed this precedent. See United States v. Alfonso, 143 F.3d 772, 776-77 (2d Cir. 1998) (holding that the district court cannot "look[] beyond the face of the indictment and dr[a]w inferences as to the proof that would be introduced by the government at trial"); United States v. Gambino, 809 F. Supp. 1061, 1079 (S.D.N.Y. 1992), aff'd, 17 F.3d 572 (2d Cir. 1994) ("It is axiomatic that, in a criminal case, a defendant may not challenge a facially valid indictment prior to trial for insufficient evidence. Instead, a defendant must await . . . the jury's verdict before he may argue evidentiary sufficiency."). Negron has failed to put forth any arguments that would sway this court from following well-established Supreme Court and Second Circuit precedent. Accordingly, the court declines to review the Grand Jury transcripts that form the basis for Negron's indictment.

## CONCLUSION

For the foregoing reasons, Negron's motion for an in camera review of the Grand Jury transcripts [doc. # 335] is DENIED.

SO ORDERED this _2nd_ day of October 2007, at Bridgeport, Connecticut.

```
_____/s/_____
Alan H. Nevas
United States District Judge
```